JAMES S. CAMPBELL, et al., Plaintiffs-Appellees *v.* LOUIS DEPONTE, SR., Defendant-Appellant, and The Unknown Heirs of KEALOKAI KUKAHIKO, et al., Defendants

NO. 5597

MARCH 3, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, KIDWELL, JJ., AND CIRCUIT JUDGE LANHAM IN PLACE OF MENOR, J., DISQUALIFIED

*Per Curiam.* Appellant has petitioned for rehearing. It is asserted that we were in error in reciting, in the opinion, that the death of the last surviving grantee of the 1902 deed occurred before the filing of this action. We have reexamined the amended findings of fact, filed by the Circuit Court on June 15, 1972, and conclude that the date of the death of Ane(w)(Mrs. Annie Foo Sum), who is alleged to have been the last surviving grantee, cannot be determined therefrom. It is necessary to give further consideration to our conclusion that the 1902 deed did not restrain partition of the property at the time this action was filed, since it was based on an assumption with respect to the date of the death of the last surviving grantee.

We are satisfied that no intent to restrain partition of the property conveyed by the 1902 deed, whether during the lives of the grantees or thereafter, may be implied from its language and purpose. The deed purported to deny to the grantees the right to sell to anyone other than a grantee. A partition in kind of the property during the lives of the grantees would have done no violence to this restriction, since no sale would have been involved. The desire of the grantors that the grantees might reside "peacefully and harmoniously" upon the property and share it equally is not expressed as a restriction upon the rights granted by the

deed, but even if read restrictively the deed expresses no purpose which would have been offended by a partition in kind. We conclude that no intent can be implied on the part of the grantors that the property conveyed by the 1902 deed should not be partitioned.

Except for the matters discussed above, the petition advances no contentions which were not adequately considered and dealt with in the opinion. The petition for rehearing is denied.

*Joseph A. Ryan (Ryan & Ryan* of counsel) for Defendant-Appellant, for the petition.